## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MARLENA ANGELA CHILDS,**

  **Plaintiff,**

   **v.**             **Civil Action No. 18-1006 (JEB)**

**ANDREW SAUL, Commissioner of Social Security,**

  **Defendant.**

## <u>MEMORANDUM OPINION</u>

After an Administrative Law Judge denied her claim for Social Security Income (SSI) benefits, Plaintiff Marlena Childs appealed within the agency and then petitioned for review in federal court. This Court referred the case to Magistrate Judge Deborah Robinson, who identified errors in the ALJ's analysis and recommended that the decision be reversed and remanded to the agency for further consideration. The Social Security Administration opposes Judge Robinson's Report and Recommendation, calling on this to Court to reject its findings and instead affirm the decision of the ALJ.

After reviewing the record, the Court agrees with the Report that the ALJ failed to adequately articulate his conclusions at step three of the disability analysis, but it disagrees that the administrative record necessarily needs to be supplemented on remand. It will therefore adopt the Report and Recommendation in part and remand for further proceedings consistent with this Opinion.

I.      **Background**

A.  Statutory Framework

To qualify for SSI under the Social Security Act, a claimant must establish that she is "disabled." 42 U.S.C. § 1382(a)(1). An individual is considered "disabled" if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." Id. § 1382c(a)(3)(A). Additionally, an individual can be determined to be disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B).

The SSA employs a five-step sequential evaluation process to determine whether a claimant is disabled, as defined by the Social Security Act in 20 C.F.R. § 404.1505. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Stankiewicz v. Sullivan, 901 F.2d 131, 133 (D.C. Cir. 1990). First, the claimant must show that she is not presently engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). Second, she must demonstrate that she has a "severe medically determinable physical or mental impairment." Id. § 416.920(a)(4)(ii). Third — and the critical step for purposes of this Opinion — the claimant must show that her impairment meets or equals an impairment listed in Appendix 1 to the Commissioner's regulations. Id. § 416.920(a)(4)(iii). If the claimant's impairment is listed, then she is conclusively presumed disabled and the inquiry ends. Id. § 416.920(d). If the impairment is not listed, the Commissioner moves on to the next step, but must first determine the claimant's residual functional capacity (RFC), id. § 416.920(e), which reflects "what an individual can still

do despite his or her limitations."  Ross v. Astrue, 636 F. Supp. 2d 127, 132 (D.D.C. 2009)

(citation omitted).  Fourth, the claimant must establish, based on the RFC, that her impairment

prevents her from performing her "past relevant work."  20 C.F.R. § 416.920(a)(4)(iv).  Fifth,

once the claimant has satisfied the first four steps, the burden shifts to the Commissioner to

demonstrate that the claimant is capable of "mak[ing] an adjustment to other work" based on her

RFC, age, education, and work experience.  Id. § 416.920(a)(4)(v); Butler v. Barnhart, 353 F.3d

992, 997 (D.C. Cir. 2004) ("The claimant carries the burden of proof on the first four steps.").

      B.  Factual and Procedural History

      Childs applied for SSI on September 27, 2013, claiming, among other things, that she had

been suffering from a spinal disorder that rendered her unable to work.  See ECF No. 14

(Administrative Record) at 21; ECF No. 25 (Report and Recommendation) at 2.  Plaintiff had

previously filed an unsuccessful claim on December 22, 2010, when she was suffering from

several ailments including back pain, tendonitis, and carpal-tunnel syndrome.  See AR at 66–69.

During the period between her filing of those two SSI claims, Childs worked for about seven

months as a receptionist at an animal clinic.  See R&R at 2; AR at 249.  Prior to that, she had

worked as a program assistant for a few months in 2008, as a data programmer from November

2007 to January 2008, in computer training from February through November of 2004, as a

membership coordinator from June 1997 to July 1998, and as a police assistant from 1995 to

1997.  See AR at 249.  In her 2013 application for benefits, Childs noted that she suffered from

multiple health issues including "chronic back and shoulder pain," and that she had trouble

walking, standing, and sitting — disorders exacerbated by her body weight.  See AR at 261.

      The agency initially denied Plaintiff's claim on January 24, 2014, and it did so again

upon reconsideration four months later.  See AR at 21.  Childs then filed a written request for a

hearing before an ALJ, which eventually occurred on September 13, 2016.  Id.  During the

hearing, Childs testified about her health impediments and was represented by an attorney.  Id.;

see also AR at 38–61 (Hearing Transcript).  After considering Plaintiff's earnings report, self-

prepared function record, medical records, progress reports, and the testimony at the hearing, the

ALJ rendered a decision on March 27, 2017.  Id. at 18–35.

　　　He proceeded through the five-step disability inquiry as follows.  At step one, the ALJ

explained that Childs had not provided information about her earnings and was "evasive" about

her work activity, but he proceeded to step two in order to "prevent further delay" of Plaintiff's

claim.  See AR at 23–24.  At step two, the ALJ concluded that Childs was suffering from several

severe impairments — namely, degenerative-disc disease, osteoarthritis of the knee and spine,

obesity, and carpal-tunnel syndrome.  Id. at 24.

　　　At step three, he considered the listed impairments supplied by the agency in 20 C.F.R.

§ 404 p. Appendix 1 and concluded that Childs's impairments did "not satisfy the criteria of [the

relevant] listings."  Id. at 25.  He next found at step four that Plaintiff "has the residual functional

capacity to perform light work," and, at step five, he determined that she "is capable of

performing past relevant work as a receptionist."  Id. at 25–29.  The ALJ therefore affirmed the

denial of Plaintiff's benefits claim.  Id. at 29.  On January 24, 2018, the Appeals Council denied

Childs's request for review of that decision.  Id. at 5–7.

　　　Having exhausted her administrative remedies, Plaintiff sought judicial review of the

decision under 42 U.S.C. § 405(g).  This Court referred the dispute to Magistrate Judge

Robinson on May 4, 2018, for full case management.  See Referral Order, May 4, 2018.  The

parties then cross-moved for affirmance and reversal of the ALJ's determination.  While Childs

raised a variety of objections to the ALJ's decision, Judge Robinson addressed only one aspect of

her challenge — *viz.*, that the ALJ had erred at step three of his disability determination.  See R&R at 11–14.  Ultimately, she concluded that at step three the ALJ had failed (1) to develop an adequate record to determine whether Childs's impairments were medically equivalent to those listed in Appendix 1 to the Commissioner's regulations; and (2) to adequately address this equivalence question in the written decision.  Id.  The Report therefore recommended that this Court remand the dispute to the agency "to further develop the record at step three of [the] inquiry."  Id. at 14.

The Government has filed Objections to the Report pursuant to Local Civil Rule 72.3(b), asserting that the Magistrate Judge erred in recommending remand and urging this Court to affirm the ALJ's determination.  See ECF No. 26 (Def. Obj.).  Plaintiff, conversely, has filed a Response asking this Court to adopt the Report in full.  See ECF No. 27 (Pl. Resp.) at 7.

## II.    Legal Standard

Local Civil Rule 72.3(c), which mirrors 28 U.S.C. § 636(b)(1), states that "[a] district judge shall make a *de novo* determination of those portions of a magistrate judge's findings and recommendations to which objection is made as provided in paragraph (b)," see, e.g., Winston & Strawn LLP v. FDIC, 841 F. Supp. 2d 225, 228 (D.D.C. 2012) (district court must conduct *de novo* review of objections to magistrate judge's report and recommendation), but district judges are not required to review those portions of a magistrate judge's report not objected to.  See Thomas v. Arn, 474 U.S. 140, 150–51 (1985).  In sum, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also LCvR 72.3(c).

Pursuant to Section 205(g) of the Social Security Act, district courts review decisions of the SSA Commissioner, made through the ALJ, to determine whether his findings are supported

by substantial evidence in the record.  See 42 U.S.C. § 405(g).  "In reviewing an SSA decision, '[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.'"  Jones v. Astrue, 647 F.3d 350, 355 (D.C. Cir. 2011) (quoting 42 U.S.C. § 405(g)).  "Substantial evidence" under the Social Security Act "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  It is "more than a scintilla, but . . . something less than a preponderance of the evidence."  Fla. Gas Transmission Co. v. FERC, 604 F.3d 636, 645 (D.C. Cir. 2010) (quoting FPL Energy Me. Hydro LLC v. FERC, 287 F.3d 1151, 1160 (D.C. Cir. 2002)).

The standard of review in Social Security cases calls for "considerable deference to the decision rendered by the ALJ and Appeals Council, but the reviewing court remains obligated to ensure that any decision rests upon substantial evidence."  Davis v. Shalala, 862 F. Supp. 1, 4 (D.D.C. 1994).  Such court must also determine whether the ALJ "has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits."  Lane-Rauth v. Barnhart, 437 F. Supp. 2d 63, 65 (D.D.C. 2006) (quoting Butler, 353 F.3d at 999).  While the ALJ is "entitled to weigh conflicting opinions and to make his own assessment of their credibility," Brown v. Bowen, 794 F.2d 703, 709 (D.C. Cir. 1986), the ALJ "cannot merely disregard evidence which does not support his conclusion."  Martin v. Apfel, 118 F. Supp. 2d 9, 13 (D.D.C. 2000).  "[B]ecause the broad purposes of the Social Security Act require a liberal construction in favor of disability," evidence is viewed in the light most favorable to the claimant.  Davis, 862 F. Supp. at 4.  The Court, however, "is not permitted to re-weigh the evidence and reach its own determination."  Maynor v. Heckler, 597 F. Supp. 457, 460 (D.D.C. 1984).

### III.   Analysis

The dispute here stems from determinations made at step three of the disability assessment.  By way of reminder, at this point in the process, the ALJ considers the "medical severity of Plaintiff's impairments by comparing the impairments to those listed in 20 C.F.R. § 404.1520."  Carnett v. Colvin, 82 F. Supp. 3d 1, 12 (D.D.C. 2015) (citing 20 C.F.R. § 404.1520(a)(4)(iii)).  "If a claimant has impairments that do not meet all the specified medical criteria in a particular listing, he may qualify for benefits by showing that his combination of impairments is equivalent to a listed impairment."  Id.  In addressing the ALJ's specific findings under this step, the Court bears in mind that it is "not to determine . . . whether [Plaintiff] is disabled," but to "assess only whether the ALJ's finding that she is not is based on substantial evidence and a correct application of the law."  Butler, 353 F.3d at 999.

The ALJ found that Childs's degenerative-disc disease, osteoarthritis of the knees and spine, obesity, and carpal-tunnel syndrome did not meet the criteria of the relevant listings (1.02 and 1.04).  See AR at 25.  This was so because those conditions had not resulted in the "inability to ambulate effectively" or "nerve root compression."  Id.  As Judge Robinson noted, however, the ALJ's step-three discussion did not explain why Childs's impairments were not "equivalent" to a listed impairment even if they did not meet the listings themselves.  See R&R at 11–14.  In particular, the Report found fault with the ALJ's failure to acknowledge the treatment notes of Dr. Mercedes Quinones, a physician at Howard University, who recorded that Childs had complained during a visit of "radicular-type pain."  AR at 394.  According to Judge Robinson, radicular pain might be the medical equivalent of "nerve root compression" included in listing 1.04A.  See R&R at 14; see also Pettaway v. Teachers Ins. & Annuity Ass'n of Am., 699 F.

Supp. 2d 185, 192 n.8 (D.D.C. 2010), aff'd, 644 F.3d 427 (D.C. Cir. 2011) (describing

radiculopathy as a spinal nerve-root disorder).

After reviewing the record in this case, the Court agrees with the Magistrate Judge that

the ALJ failed to adequately explain his analysis at step three. "A reviewing court should not be

left guessing as to how the ALJ evaluated probative material, and it is reversible error for an ALJ

to fail in his written decision to explain sufficiently the weight he has given to certain probative

items of evidence." Ray v. Astrue, 718 F. Supp. 2d 65, 74 (D.D.C. 2010) (remanding for

adequate explanation of denial of SSI benefits). With regard to the equivalence question

specifically, courts in this district have explained that "[b]ecause the ALJ retains the ultimate

responsibility of determining equivalence, it is incumbent upon the ALJ to adequately explain his

reasoning, including which evidence he credits and which he discards." Warfield v. Colvin, 134

F. Supp. 3d 11, 19 (D.D.C. 2015); but see 82 Fed Reg. 57, 15265 (lessening ALJ's "articulation

requirements" concerning a finding of non-equivalence at step three but only for claims filed

after March 27, 2017). Here, the ALJ's explanation on the equivalence question was

insufficient; he did not mention "equivalence" in his actual analysis, instead devoting his brief

discussion of the step-three question to whether Plaintiff's ailments met the listing criteria. See

AR at 25.

The ALJ's omission here is significant because some support for Plaintiff on the

equivalence question existed in the record. As explained above, there was evidence that Childs

was suffering from "radicular" pain, which might be the medical equivalent of "root nerve

compression" included in listing 1.04. See R&R at 13. To be sure, radiculopathy is not always

equivalent to root-nerve compression, see, e.g., Turner v. Astrue, 710 F. Supp. 2d 95, 102

(D.D.C. 2010), and there may have been reason for the ALJ to reject that suggestion. Yet his

"reasoning is not simply spare" on this question; "in crucial particulars it is missing." <u>Butler</u>,

353 F.3d at 1002 (quotation marks omitted).  Ultimately, "[t]he judiciary can scarcely perform its

assigned review function, limited though it is, without some indication not only of what evidence

was credited, but also whether other evidence was rejected rather than simply ignored." <u>Id.</u>

(quoting <u>Brown</u>, 794 F.2d at 708 (remanding decision to deny SSI where ALJ failed to

adequately explain its analysis)).

      The Court, accordingly, will vacate and remand for the ALJ to correct this articulation

error relating to his step-three determination.  <u>See</u> <u>Warfield</u> 134 F. Supp. 3d at 19–20 (doing

same).  He should consider Childs's physical impairments and explain his reasoning regarding

the conclusion that they are not equivalent to a listed impairment.

      The Court disagrees with the Report, however, in its recommendation that the ALJ be

<u>required</u> on remand to further substantiate the evidentiary record.  Specifically, the Report

concluded that the ALJ "had a responsibility to ask further questions and to contact treating

sources" on the step-three issue.  <u>See</u> AR at 14.  True, "an administrative law judge has the

affirmative duty to investigate fully all matters at issue and to develop the comprehensive record

requisite for a fair determination of disability." <u>Carnett</u>, 82 F. Supp. 3d at 8 (alteration omitted)

(quoting <u>Poulin v. Bowen</u>, 817 F.2d 865, 870 (D.C. Cir. 1987)).  As noted above, however, the

burden is on the plaintiff at step three to demonstrate that she meets or equals the relevant listing

criteria.  <u>See</u> C.F.R. § 416.912(a)–(c); <u>Callahan v. Astrue</u>, 786 F. Supp. 2d 87, 89 (D.D.C. 2011).

With regard to the equivalence question, under the then-governing regulations, an ALJ had to

"obtain an updated medical opinion" only where "in the opinion of the [ALJ,] . . . the case record

suggest[ed] that a judgment of equivalence may be reasonable."  Social Security Ruling 96-6p.

In other words, while the ALJ might seek to ask further questions of the medical examiners, he

may find the current record sufficient to address it.  The Court will not force his hand in either direction.

## IV.    Conclusion

For these reasons the Court will grant in part and deny in part Plaintiff's Motion for Judgment of Reversal and deny Defendant's Motion for Affirmance.  It therefore vacates the decision of the ALJ and remands for further proceedings.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  May 12, 2020